UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MELVIN LUBOM                                              CIVIL ACTION NO. 10-cv-1823

VERSUS                                                         JUDGE WALTER

WARDEN, LOUISIANA STATE                         MAGISTRATE JUDGE HORNSBY
PENITENTIARY

## REPORT AND RECOMMENDATION

**Introduction**

A Caddo Parish jury convicted Melvin Wayne Lubom ("Petitioner") of aggravated rape in connection with the sexual abuse of his daughter, and he was sentenced to life imprisonment. His conviction was affirmed on direct appeal. State v. Lubom, 963 So.2d 541 (La. App. 2d Cir. 2007). He then filed a state post-conviction application and raised the two issues he presents in this federal habeas corpus petition: (1) the trial court erred in admitting expert testimony of Post Traumatic Stress Disorder ("PTSD") and (2) defense counsel rendered ineffective assistance when she did not object to that expert testimony. For the reasons that follow, it is recommended the petition be denied.

**Relevant Facts**

Eight-year-old M.L.'s teacher referred her to a school social worker, Ms. Aubrey, because M.L. had a problem with feminine odor. Ms. Aubrey asked M.L., during a routine psycho-social history, if M.L. had ever been touched inappropriately. The child first said no, but after more visits and the development of a rapport, the child said that she was being

touched by her father, Petitioner. Ms. Aubrey asked M.L. to use rag dolls to demonstrate, and the child put the dolls into positions suggesting rear entry intercourse. M.L. told Ms. Aubrey that the activity had occurred as recently as within the past week. Ms. Aubrey alerted the authorities.

An investigator with Child Protection Services and a detective interviewed Ms. Aubrey and M.L. at the school. The investigator said the child appeared nervous and scared, and she made no disclosures at that time. M.L.'s mother agreed to a request that M.L. and her older stepsister, S.R., be examined by Dr. Ann Springer at the Kara Center, a facility specializing in care of abused children. Dr. Springer reported findings of sexual abuse.

Petitioner denied molesting his daughter, but showed no surprise at the allegation and offered no explanation for the accusations. M.L. was brought to the Gingerbread House and interviewed but did not give any information. The parents were later asked to remove the children from the home and place them with their maternal grandmother. A second Gingerbread House interview was taken after that change. M.L. said during this second interview that she had been abused by her father.

M.L. was 11 at the time of trial and testified against her father. Her second recorded interview at the Gingerbread House was played for the jury. M.L. testified that the things she said in the video were true and that her daddy had put his "privacy" inside her behind. The child admitted to playing with a sex toy she found in her parents' bedroom but said she had only put it on the outside of her body. She also admitted watching adult movies, found in her parents' room, with her brother and sister. Tr. 129-42.

Dr. Ann Springer testified that she was a clinical assistant professor of pediatrics and psychiatry, a founder and medical director of the Kara Center, director of the Child Abuse Management Service at LSU-Health Sciences Center, and specialist in child abuse medicine. She estimated that she had worked on about 1,000 child sexual abuse cases per year for the last 12 years. The State tendered her as an expert pediatrician with a specialty in child abuse medicine and, after cross-examination by defense counsel, the trial court accepted that tender. Tr. 175-82.

Dr. Springer testified that she performed a colposcopic examination, using a light and magnifying device. She found that M.L. had no hymen and had fresh abrasions on the left and right of the entrance to the vagina. The anal exam revealed stellate deep fissuring throughout the circumference of the anus down through the mucosa to the muscle. Dr. Springer said the scratches indicated a fairly recent injury, since children heal quickly, and the anal fissuring was characteristic of penetration that would have been painful. Tr. 182-86.

Dr. Springer's impression was sexual abuse with vaginal and anal penetration. The prosecutor asked her if she would be surprised to learn the child testified only to anal penetration. Dr. Springer replied that she would not because children who have been sexually assaulted often try to save their own sanity by blocking out incidents. She said, "Children also have what's called post traumatic stress disorder where they don't actually have the ability to recall the event." Dr. Springer went on to talk about other reasons, such as being subjected to interviews and separation from loved ones, that make it "almost usual for a child to either change their testimony or give an incomplete testimony." Tr. 186-87.

The jury heard this testimony and other evidence. It was charged with the elements of a number of crimes, including aggravated rape. That crime includes anal or vaginal sexual intercourse deemed to be without consent of the victim because the victim is under the age of 13. Tr. 251. A unanimous jury returned a verdict of guilty. Tr. 258-59. The state appellate court affirmed a challenge to the sufficiency of the evidence. Tr. 313.

**Habeas Standard of Review**

Habeas corpus relief is available with respect to a claim that was adjudicated on the merits in the state court only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

A state court's decision is contrary to clearly established Supreme Court precedent when it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts. Pape v. Thaler, 645 F.3rd 281, 287 (5th Cir. 2011). A state court makes an unreasonable application of clearly established federal law when it identifies the correct governing legal principle from the Supreme Court's decisions but applies it to the facts in a way that is not only incorrect but objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855, 1862 (2010).

**Admission of Expert Testimony**

Petitioner argued in his state post-conviction application that the trial court should not have allowed Dr. Springer to go beyond her expertise and testify about the inner workings of a child's mind after being sexually abused. He based his argument on La. Code of Evidence article 702 and the Daubert standard adopted by the Louisiana courts in State v. Foret, 628 So.2d 1116 (La. 1993).

Daubert did not set a constitutional standard for the admissibility of expert testimony. Rather, the case set the standard for the admissibility of scientific evidence in federal trials conducted in federal courts under the Federal Rules of Evidence. Schmidt v. Hubert, 2008 WL 4491467, *13 (W.D. La. 2008). Louisiana courts have adopted the Daubert standard as part of Louisiana evidence law, but federal courts do not grant habeas relief based on mere errors in the application of state evidentiary rules or even consider it relevant whether state evidentiary rules were satisfied. Only federal constitutional errors that satisfy the demanding standards of Section 2254 merit habeas relief. Estelle v. McGuire, 112 S.Ct. 475, 479-80 (1991).

The bulk of Petitioner's argument relies on state evidentiary law (Tr. 365-69), but he does make reference to the admission violating his due process rights (Tr. 361), so the court will consider that he has exhausted a federal due process claim with respect to this issue. The Due Process Clause provides a mechanism for relief when a state court wrongfully admits evidence, but only if the evidence is so unduly prejudicial that it renders the trial fundamentally unfair. Bigby v. Cockrell, 340 F.3d 259, 271-72 (5th Cir. 2003), citing

Dawson v. Delaware, 112 S. Ct. 1093 (1992) and Estelle. The evidence must have had a substantial and injurious effect or influence in determining the jury's verdict. Wood v. Quarterman, 503 F.3d 408, 414 (5th Cir. 2007).

Petitioner's memorandum lists the first issue as being that admitting expert testimony of a diagnosis of PTSD for purposes of substantively proving child sexual abuse runs afoul of Daubert, as held in State v. Chauvin, 846 So.2d 697 (La. 2003). But that is not what happened in his case. Dr. Springer's reference to PTSD, which she did not affirmatively diagnose in the victim, was not offered as substantive evidence of abuse. Rather, it was part of an explanation of the several reasons child victims may give delayed or incomplete reports of abuse. Chauvin was careful to note that the use of PTSD evidence to explain behavior apparently inconsistent with having been sexually abused has been held admissible by almost every court to have addressed the issue. Id. 846 So.2d at 705. And "expert testimony of general characteristics that would explain delays in reporting, recantations, and omissions of details is admissible." Id. at 708. Dr. Springer's testimony was admissible under these standards.[1]

Petitioner also charges Dr. Springer with testifying about Child Sexual Abuse Accommodation Syndrome, which Foret held was not admissible to diagnose whether abuse

---

[1] The Fifth Circuit has allowed, over a Daubert challenge, an expert's testimony that a sexual assault victim's behavior was consistent with the behavior of abuse victims. U.S. v. Simmons, 470 F.3d 1115, 1122-24 (5th Cir. 2006). See also Hobgood v. Epps, 2011 WL 1297063, *6 (S.D. Miss. 2011) (denying a similar habeas claim and collecting cases).

occurred. Petitioner does not, however, cite any testimony in which Dr. Springer mentioned that syndrome, and the court has not noted any.

When Petitioner presented this claim to the state court, the trial judge denied it with observations about Dr. Springer's credentials and that Petitioner was incorrect in his assumption that a psychologist is the only expert who may testify to a victim's mental state. Tr. 430. The state appellate court held that it was not error to allow Dr. Springer "to testify as to the reasons why a child who is a victim of sexual abuse might initially fail to disclose the abuse and then later admit the abuse." Tr. 465. The undersigned agrees. The record does not indicate the trial court erred in allowing the single reference to PTSD during a lengthy discussion of why M.L. may not have consistently reported all forms of abuse. Even if the evidence had been wrongfully admitted, there is no basis to conclude that the reference had a substantial and injurious effect or influence on the jury's verdict so that the trial was rendered fundamentally unfair. There is no basis for habeas relief on this claim under the demanding standards of Section 2254(d).

**Ineffective Assistance of Counsel**

Petitioner argues that defense counsel was aware that Dr. Springer was not a psychologist and should not have objected to the testimony that went beyond her expertise. This claim was adjudicated and denied on the merits by the state court, so Section 2254(d) directs that the question is not whether a federal court believes the state court's determination under the applicable Strickland v. Washington, 104 S.Ct. 2052 (1984) standard was incorrect

but whether the determination was unreasonable, which is a substantially higher threshold. Schriro v. Landrigan, 127 S.Ct. 1933, 1939 ( 2007).

The state trial court rejected this argument on post-conviction application, noting that Petitioner is incorrect in his assumption that a psychologist is the only expert who may testify to the mental aspects of a victim's mind. Dr. Springer was a clinical assistant professor of pediatrics and psychiatry who specialized in child abuse medicine, so the testimony was within her expertise. Tr. 430. The state appellate court found the ineffective assistance claim without merit because the trial court did not err in allowing Dr. Springer's testimony. Tr. 465.

Nothing in Dr. Springer's testimony exceeded the bounds of the area of expertise in which she was accepted. There was simply no basis for counsel to have lodged a valid objection, and failure to make meritless objections is not ineffective assistance. Johnson v. Cockrell, 306 F.3d 249, 255 (5th Cir. 2002). The state courts' rejection of this claim was not an objectively unreasonable application of Strickland.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of January, 2014.

_____
Mark L. Hornsby
U.S. Magistrate Judge